IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:15-CV-46-D

LAWRENCE VERLINE WILDER, SR., )
)
    Plaintiff, )
)
v. ) **ORDER and**
) **MEMORANDUM AND**
CAROLYN COLVIN, ) **RECOMMENDATION**
Acting Commissioner of Social Security, )
)
    Defendant. )

This case is before the court on the motion (D.E. 1) by plaintiff Lawrence Verline Wilder, Sr. ("plaintiff") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion and frivolity review were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs.[1] His motion (D.E. 1) to proceed *in forma pauperis* is therefore ALLOWED.

---

[1] In his motion, plaintiff sets out allegations of wrongdoing against him in an apparent effort to demonstrate his inability to pay court costs. *See* Mot. 3-5. Notwithstanding the ostensible purpose of these allegations, even when considered with the allegations in the complaint and the additional allegations permitted by the court (discussed below), they do not alter the court's analysis or conclusions.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. BACKGROUND

Plaintiff commenced this proceeding on 27 February 2015 by filing his motion to proceed *in forma pauperis*. In the proposed complaint accompanying the motion, entitled "Writ of Mandamus," he names as the sole defendant Carolyn Colvin ("Commissioner" or "defendant"), the Acting Commissioner of the Social Security Administration ("SSA"). Compl. (comprising pp. 1-2 of D.E. 1-1) 1. On 7 August 2015, plaintiff filed a motion (D.E. 3) seeking, in part, to amend his complaint with additional allegations set out in the motion. The motion also sought the appointment of counsel. In an order entered 26 February 2016 (D.E. 4), the court allowed amendment of the complaint, but denied appointment of counsel. Plaintiff appealed the order to the Fourth Circuit (*see* D.E. 5), which dismissed the appeal on 3 October 2016 (*see* D.E. 8).

In his complaint, plaintiff states that he seeks a writ of mandamus requiring defendant to release payments he contends are owed to him. Compl. 1. He alleges that defendant conspired with a fraudulent representative payee and that "[p]oliticians, federal employees, state employees, private citizens, and former coworkers, have obstructed the ability to learn of benefits, apply, appeal, and obtain help." *Id.* at 2 (font altered from original).

The body of the complaint reads in full as follows:

Petitioner files the writ to force the Commissioner of the Social Security Administration to release my payments from a fraudulent representative payee.

SSA failed to help me and conspired with the offender.

Fraudulent included perjury from the offenders who reside in Maryland, have only had less than 2 weeks non-consecutively in North Carolina to testify on my mental condition, committed perjury to involuntary commit to an abuse mental hospital, committed perjury unsuc[c]essfully with North Carolina appointed counsel LeeAnne Quattrucci to obtain a fraudulent rest[r]aining order by default judgement, obstructed justice in federal appeals, and committed perjury to obtain

2

representative payee.

Offenders have an unethical financial interest to gain control of my finances.

SSA responded with an order that enables the offenders and sanctions the perjury.

SSA denied to investigate the fraud and gave instructions and forced me to defend myself.

Petitioner was wrongfully accused previously of being a federal felon in New Jersey in 2008 and had 9 months of payments, Medicare health insurance, and part D prescription drug coverage suspended. SSA ALJ reverse[d] the suspension citing a USCA for the 2nd Circuit precedent and because the NJ prosecution was fraudulent. New Jersey Governor Christine Whitman quashed a restraining order because of perjury in 1998 – 1999.

Politicians, federal employees, state employees, private citizens, and former coworkers, have obstructed the ability to learn of benefits, apply, appeal, and obtain help.

Petitioner requests the USDC for the Easter[n] District in North Carolina order the SSA Commissioner Carolyn Colvin to investigate the fraud and perjury committed to approve representative payee because the petitioner had been denied help, the agency is conspiring with perpetrators of the fraud, and the agency is conspiring with unethical counsel.

Compl. 1-2 (font altered from original). He attached to the complaint (at pp. 3-5 of D.E. 1-1) a portion of a disciplinary order relating to the attorney he references, a portion of an SSA notice to plaintiff, and an apparent letter or email he sent to an SSA website.

In the additional allegations permitted by the court, he alleges that "SSA, federal contractors, federal government, and state government have denied plaintiff help with the ticket to work program in retaliation for previous federal and state complaints." Am. & Appt. Mot. 1 (font altered from original). He alleges that the fraudulent representative payee illegally obtained records, committed fraud, and testified falsely. *Id.* at 2. He asserts that his former employer has retaliated against him since wrongfully terminating him in 1997 by "causing quality of health care problems, failing to respect federal pardons to reinstate, conspiring with wrongful prosecutions,

3

and denying help with benefits." *Id.* (font altered from original). Attached to the motion is a request on an SSA form for a hearing before an administrative law judge (D.E. 3-1).

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). A complaint containing only bare allegations and lacking adequate factual support fails to provide a defendant with the requisite notice required by Rule 8. *Thomas v. The Methodist Univ., Inc.*, No. 5:16-CV-727-FL, 2016 WL 4734598, at *2 (E.D.N.C. 9 Sept. 2016).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent

4

standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

### III. ANALYSIS

The court finds that the allegations by plaintiff underlying his request for a writ of mandamus are unduly vague and incomplete. The allegations leave unclear, among other matters, the events underlying much of the misconduct he alleges; when the alleged misconduct and the underlying events occurred; and how the alleged misconduct relates to plaintiff's entitlement to Social Security benefits. While pro se litigants are entitled to leniency, such leniency is not without bounds. *See Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. 17 May 2016) ("[T]he principles requiring generous construction of pro se complaints are not without limits."), *mem. & recomm. adopted*, 2016 WL 3920213 (15 July 2016). The vague and incomplete nature of plaintiff's allegations alone subjects this case to dismissal.

Contributing to this imprecision is plaintiff's inclusion in his pleadings of allegations that appear to be wholly incredible. These allegations include the allegation that "[p]oliticians, federal employees, state employees, private citizens, and former coworkers, have obstructed the ability to learn of benefits, apply, appeal, and obtain help." Compl. 2. The inclusion of such

allegations stands by itself as a basis for dismissal. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); *Cush-El v. State*, No. 1:16CV176, 2016 WL 1212427, at *2 (M.D.N.C. 10 Mar. 2016) (recommending dismissal of complaint wherein "[p]laintiff recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines"), *rep. & recomm. adopted*, 2016 WL 1228626 (28 Mar. 2016).

In addition, plaintiff makes no showing that he has met the requirements for issuance of a writ of mandamus. A writ of mandamus is "a drastic remedy," to be granted only in "extraordinary circumstances." *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus is available "only if the plaintiff has exhausted all other avenues for relief and if the defendants owe her a clear, nondiscretionary duty." *Foose v. Colvin*, No. CIV.A. 2:14-12914, 2015 WL 1310801, at *6 (S.D.W. Va. 23 Mar. 2015) (citing *Heckler v. Ringers*, 466 U.S. 602, 616 (1984)), *proposed findings & recomm. adopted*, 2015 WL 1310801, at *1 (23 Mar. 2015). The exhaustion requirement is met if "'the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused.'" *Sherman v. Barnhart*, No. CIV.A. 3:03-MC-25, 2008 WL 1994909, at *4 (N.D.W. Va. 8 May 2008) (quoting *Slone v. Sec'y of Health and Human Serv.*, 825 F.2d 1081, 1083 (6th Cir.1987)).

Plaintiff has failed to demonstrate that he has exhausted his remedies or that further exhaustion should be excused, or that the duty purportedly owed him is a clear, nondiscretionary one. This failure serves as a further independent basis for dismissal. *See In re Ford*, 521 F. App'x 213, 213-14 (4th Cir. 2013) (denying writ of mandamus seeking to compel Commissioner

6

"to perform her official duties related to payment of plaintiff's benefits, which were suspended during his pretrial detention"); *Foose*, 2015 WL 1310801, at *6 (dismissing petition for writ of mandamus against Commissioner on frivolity review because "[t]he decision not to reopen a prior benefits determination is discretionary, and the plaintiff has not sufficiently identified or demonstrated any ministerial duty that was not performed by the defendants"); *Richardson v. Soc. Sec. Admin.*, No. 5:11-CV-257-BO, 2012 WL 8254058, at *1 (E.D.N.C. 26 July 2012) (dismissing motion for entry of writ of mandamus where the proposed writ was "merely a characterization of [plaintiff's] argument on appeal of the Commissioner's decision denying benefits, [and] such argument is more appropriately considered within the context of Plaintiff's action pursuant to 42 U.S.C. § 405(g)"), *aff'd*, 500 F. App'x 235 (4th Cir. 2012).

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 21 November 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation**

by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED, this 7th day of November 2016.

James E. Gates
United States Magistrate Judge

8

Case 7:15-cv-00046-D   Document 10   Filed 11/07/16   Page 8 of 8